BREAUX *vs.* MARTIN'S HEIRS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
OF THE SEVENTH PRESIDING.

Where a cause, after issue joined, is, by a consent rule of court *referred* to
two persons named by the parties, with power to choose an umpire, they
will be considered as *arbitrators*, whose decision is final in the case, and
which is to be made the judgment of the court.

The award of arbitrators is not liable to be excepted to, for want of precision
in stating the facts on which it is grounded, as in case of the reports of
experts and auditors of accounts. The article 455 of the Code of Practice
does not apply to the awards of arbitrators.

This is an action instituted against the defendants for the
sum of six hundred and thirty-three dollars and fifty cents,
which the plaintiff alleges was due to his deceased wife from
André Martin, pére, now deceased, on sundry notes and small
accounts of long standing. The plaintiff sues as heir of his
wife. She was the daughter of the deceased ancestor of the
defendants.

The defendants admitted the signature of their deceased
ancestor to the notes mentioned in the petition; but denied
that he was in any way indebted to the plaintiff's wife at
his death.

The defendants, on the contrary, aver that the succession
of the plaintiff's wife was and is indebted in the sum of eight
hundred dollars for the price of a slave, given to her by their
said ancestor. They pray that the plaintiff's demand be
rejected and that they have judgment in reconvention for
the sum of eight hundred dollars.

When the cause was thus at issue, by consent of parties,
a rule was entered, that it be submitted to two gentlemen of
the bar, with power to choose an umpire, as referees.

The referees reported into court that they had carefully
examined the evidence adduced by the parties, and find that

at the time that André Martin, pére, died, he was indebted to the plaintiff's wife in the sum of thirty dollars; and that the defendants, through error, have since that period paid to the plaintiff one hundred and fifty dollars, leaving a balance due to them of one hundred and twenty dollars, for which they ought to have judgment.

The plaintiff's counsel filed his exceptions to the report or award, alleging that it was not made with the *precision* required by law, to enable the court to determine whether they acted properly in rejecting or admitting various items on both sides, and to judge of the correctness of the report. The exceptions were overruled and judgment entered for defendants, in conformity with the award of the referees. After excepting to the opinion of the court the plaintiff appealed.

*Simon,* for the plaintiff.

*Crow, contra.*

*Martin, J.,* delivered the opinion of the court.

After this cause was at issue, a rule of court was entered, referring it, by consent, to two members of the bar named in the order, with power to choose an umpire, if necessary. An exception was taken to their report by the plaintiff, on the ground that it was not made with sufficient *precision* to enable the court to judge whether they acted properly in rejecting the plaintiff's claim, or in allowing *that* of the defendants. The exception was overruled, and from judgment rendered therein the plaintiff appealed.

The exception was evidently grounded on the *article 455 of the Code of Practice,* respecting reports of auditors of accounts.

The Code mentions experts, auditors of accounts and judicial arbitrators as persons called upon to aid in or to effect the settlement of claims. It is silent as to referees or their duties. *Code of Practice, articles* 441. 2, 3 *and* 4.

*Where a cause, after issue joined, is by a consent rule of court referred to two persons named by the parties, with power to choose an umpire, they will be considered as arbitrators, whose decision is final in the case, and which is to be made the judgment of the court.*

The rule in this case speaks of *referees*. It is not made with reference to *experts*, for these are called in to afford information, as persons versed in the knowledge of some art, science or profession. The persons to whom this reference was made, in the case before us, were not experts in this sense of the word. *Code of Practice, article* 441.

They were not auditors of accounts, for these have no need of any umpire. Their duty is only to examine and state an account. *Ibid.* 442.

The persons to whom this reference was made were appointed by the parties and not by the court. Experts are appointed by the latter, and so are auditors. Judicial arbitrators are chosen by the parties. *Ibid.* 444.

It is then correct to say that the referees in the present case were neither experts nor auditors of accounts, but arbitrators, mutually chosen by the parties themselves. The article of the Code of Practice, on which the exception of the plaintiff is grounded, speaks only of auditors of accounts, and cannot be extended to arbitrators. The District Court therefore correctly overruled the exception, as inapplicable to the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

<div style="text-align:right">

WESTERN DIST.
*September*, 1836.

